UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| PATRICK NICHOLSON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 10-2010 (RWR) (DAR) |
| ) | |
| SOCIAL SECURITY ADMINISTRATION, ) | |
| ) | |
| Defendant. ) | |

MEMORANDUM OPINION

This matter brought under the Social Security Act, 42 U.S.C. § 405(g), challenging the denial of a claim for supplemental security income, was referred to Magistrate Judge Deborah A. Robinson for a report and recommendation ("R&R"). In the R&R issued on March 14, 2012 [Doc. # 20], Magistrate Judge Robinson recommends granting in part plaintiff's motion for judgment of reversal, denying defendant's motion for judgment of affirmance, and remanding this action to the Social Security Administration ("SSA") for further proceedings. Defendant has filed objections to the R&R [Doc. # 22] and plaintiff, by counsel, has responded [Doc. # 23]. Because the weight the Administrative Law Judge ("ALJ") accorded the medical opinion of plaintiff's treating physician was contrary to Social Security regulations, the R&R is hereby adopted and this case will be remanded for further proceedings. Consequently, plaintiff's motion for judgment of reversal will be granted and defendant's motion for judgment of affirmance will be denied

STANDARD OF REVIEW

"The Commissioner's ultimate determination [on an application for benefits] will not be disturbed if it is based on substantial evidence in the record and correctly applies the relevant legal standards." *Butler v. Barnhart*, 353 F.3d 992, 999 (D.C. Cir. 2004) (citations omitted); *see Pinkney v. Astrue*, 675 F. Supp. 2d 9, 21 (D.D.C. 2009) ("In order to affirm a final decision of the Commissioner[,] the Court must find that the Commission (1) made its decision based on substantial evidence, and (2) applied the correct legal standards.") (citing *Richardson v. Perales*, 402 U.S. 389, 390 (1971)). A district court's review of the SSA's findings of fact is limited to whether those findings are supported by substantial evidence. 42 U.S.C. § 405(g); *Brown v. Bowen*, 794 F.2d 703, 705 (D.C. Cir. 1986). Substantial evidence is " 'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion[,]' " *Butler*, 353 F.3d at 999 (quoting *Richardson*, 402 U.S. at 401), and is "more than a mere scintilla of evidence," but "something less than a preponderance of the evidence." *Ware v. Barnhart*, 357 F. Supp. 2d 134, 138 (D.D.C. 2004) (internal quotation marks omitted). In making this determination, "the court must carefully scrutinize the entire record, but may not reweigh the evidence and replace the [SSA's] judgment regarding the weight of the evidence with its own." *Brown v. Barnhart*, 370 F. Supp. 2d 286, 288 (D.D.C. 2005) (internal quotation marks omitted) (quoting *Jackson v. Barnhart*, 271 F. Supp. 2d 30, 34 (D.D.C. 2002)). The inquiry examines whether the ALJ " 'has analyzed all evidence and has sufficiently explained the weight he has given to obviously probative exhibits [.]' " *Crawford v. Barnhart*, 556 F. Supp. 2d 49, 52 (D.D.C. 2008) (quoting *Butler*, 353 F.3d at 999).

BACKGROUND

Magistrate Judge Robinson's background and medical evidence statements are adopted, *see* R&R at 2-6, and only facts necessary to this decision will be repeated.  Notably, at the time plaintiff applied for benefits on October 12, 2005, he was 40 years old and reportedly had been unable to work since April 15, 2005, due to coronary heart disease, diabetes mellitus and hypertension.  Plaintiff completed the 11th grade of school and had completed no additional training.  Plaintiff's application was denied initially on October 30, 2005, and upon reconsideration on March 14, 2008.  In a decision rendered on July 12, 2010, following a hearing on May 24, 2010, the ALJ found that plaintiff was not disabled because, among other factors, he had the residual functional capacity ("RFC") to perform sedentary work.  Based on the testimony of a vocational expert, the ALJ, recognizing that plaintiff had no past relevant work experience, identified jobs in the national economy that plaintiff could perform.

DISCUSSION

In order to determine whether a claimant is disabled, an ALJ is required to perform a five-step evaluation.  20 C.F.R. §§ 404.1520, 416.920; *Butler*, 353 F.3d at 997.  The claimant carries the burden of proof for the first four steps. At step one, the ALJ determines whether the claimant has been employed in substantial gainful work since the onset of his impairment. If the claimant has performed substantial gainful work, his claim will be denied.  If the claimant has not performed substantial gainful work, the ALJ must determine at step two whether the claimant's impairments are medically severe.  If the impairments are not severe, the claimant is not disabled.  If the impairments are severe, the ALJ at step three must compare the claimant's impairments with those in the listing of impairments promulgated by the SSA.  If the claimant suffers from an impairment that meets the duration requirement and meets or equals an

3

impairment listed in Appendix 1 of the regulations, the claimant is deemed disabled and the inquiry ends.  If no match exists, the ALJ must continue the evaluation. At step four, the ALJ must determine if the claimant retains any residual functional capacity, namely, the ability to do past relevant work.  Finally, if the claimant is unable to perform his past work, the burden shifts to the Commissioner to demonstrate that the claimant is able to perform other work based on a consideration of his RFC, age, education and past work experiences.  *Dunham v. Astrue*, 603 F. Supp. 2d 13, 17-18 (D.D.C. 2009).  The ALJ addressed each of the five steps and concluded that plaintiff was able to perform some work and had not been disabled since the date of his application on October 12, 2005, which the ALJ considered as the onset date of the claimed disability.  *See* generally Administrative Record ("AR") [Doc. # 6] at 9-21 (Hr'g. Decision).

  Magistrate Judge Robinson found that the ALJ's findings were not supported by substantial evidence in the record, that his assessment of plaintiff's RFC was not in accordance with applicable law, and that he deprived plaintiff of his right to counsel and a fair administrative hearing.  Defendant objects to each of these findings and argues, *inter alia*, that Magistrate Judge Robinson did not consider the "adequate and substantial evidence" that was "already" before the ALJ at the time of the decision.  Def.'s Objections to the Mag. Judge's R&R ("Def.'s Objections") at 1.

  "The magistrate judge's [R&R] is reviewed de novo."  *Bode & Grenier, L.L.P. v. Knight*, 821 F. Supp. 2d 57, 60 (D.D.C. 2011) (citations and internal quotation marks omitted). Magistrate Judge Robinson determined that the ALJ's decision that plaintiff could perform sedentary work "failed to build a sufficient 'logical bridge' from the evidence – the medical opinions presented before him – to his specific conclusion that [p]laintiff has the RFC to perform sedentary work."  R&R at 15 (emphasis omitted).  She also faulted the ALJ for failing to provide

4

a "narrative discussion" about the "varying degrees of weight" accorded the medical opinions of plaintiff's cardiologist, Dr. Thomas Pinder, who completed a report on November 14, 2007, Dr. Morton A. Kavalier, a cardiologist at Cardiology and Internal Medicine, P.A., who examined plaintiff on February 14, 2008, and provided a report, and Dr. Currie Ball, a state agency physician who completed an RFC assessment of plaintiff on March 11, 2008.  *Id*. at 16; *see also id*. at 5.

Indeed, it is unclear what evidence the ALJ relied upon to conclude that plaintiff could perform sedentary work after having rejected the medical opinions of the non-treating physicians that plaintiff could perform "activities at the [more stringent] light exertional level."  Hr'g Decision at 5, 8; *see* R&R at 14-15; 20 C.F.R. § 416.967 (listing exertional levels of work from sedentary to very heavy).  Resolving that uncertainty is not essential because the "controlling weight" the ALJ accorded Dr. Pinder's medical opinion alone warrants remanding the case.

Under Social Security regulations, a treating physician's opinion is "entitled to 'controlling weight' if [it is] not inconsistent with other substantial record evidence and [is] well-supported by medically acceptable clinical and laboratory diagnostic techniques."  *Butler*, 353 F.3d at 1003 (citing 20 C.F.R. §§ 404.1527(d)(2), 416.927(d)(2)); *see* SSR 96-2p, *Giving Controlling Weight to Treating Source Medical Opinions*, 1996 WL 374188 (SSA July 2, 1996) ("A case cannot be decided in reliance on a medical opinion without some reasonable support for the opinion.").  To be given controlling weight, the medical opinion must also address "the nature and severity of [the applicant's] impairment(s)."  28 C.F.R. § 416.927(c)(2).  Furthermore, prior to adopting a treating physician's opinion, the ALJ must evaluate the opinion by considering the following six factors: "(1) length of the treating relationship and frequency of examination; (2) nature and extent of the treating relationship; (3) supportability; (4) consistency;

5

(5) specialization; and (6) other factors that tend to support or contradict the medical opinion." *Butler*, 353 F.3d at 1003 n.7 (citing 20 C.F.R. §§ 404.1527(d)(2)-(6), 416.927(d)(2)-(6)).

The ALJ stated that consistent with 20 C.F.R. § 416.927(c), he was according "controlling weight" to Dr. Pinder's opinion "that there was no ischemic heart disease, angina, or recurrent arrhythmias and that the claimant's heart failure had improved" with medication since plaintiff's hospitalization in 2005. Hr'g Decision at 5, 7. The ALJ found Dr. Pinder's opinion "supported by treatment notes from Unity Health Care and the other evidence of record." *Id*. at 5. But there is no indication that Dr. Pinder treated plaintiff at Unity Health Care and, as Magistrate Judge Robinson found, Dr. Pinder's report includes no discussion about plaintiff's functional restrictions and contains no medical records. R&R at 17. Although the ALJ stated that he "considered opinion evidence" in accordance with the requirements of SSR 96-2 and other rules, Hr'g Decision at 8, he did not discuss any of the foregoing evaluative factors.

Since the only record evidence of Dr. Pinder's opinion is an unsupported three-page report consisting of a checklist and cryptic notations [Doc. # 6-3 at 33-39], Magistrate Judge Robinson correctly determined that the ALJ's finding on plaintiff's RFC was neither supported by substantial evidence in the record nor in accordance with applicable law. Hence, the R&R will be adopted and this case will be remanded to the agency for further proceedings. A separate Order accompanies this Memorandum Opinion.

_____/s/_____  
RICHARD W. ROBERTS  
DATE: September 27, 2012          United States District Judge